UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| OPAL CONSTRUCTION, CORP., | Civil Action No. 2:18-cv-05422-SJF-GRB |
| Plaintiff, | Electronically Filed |
| -against- | **ANSWER OF THE TOWN OF BABYLON IN RESPONSE TO PLAINTIFF'S COMPLAINT** |
| THE TOWN OF BABYLON, | |
| Defendant. | Hon. Sandra J. Feuerstein |

---

Defendant the Town of Babylon (the "<u>Town</u>" or "<u>Defendant</u>"), by and through its attorneys, Harris Beach PLLC, as and for its Answer to the Complaint of Plaintiff Opal Construction Corp., states as follows:

## NATURE OF THE ACTION

1. As to the allegations in paragraph "1" of the Complaint, denies the allegations contained therein, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that the purpose of the Complaint is to enjoin the Town.

2. As to the allegations in paragraph "2" of the Complaint, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

3. Admits the allegations in paragraphs "3" and "4" of the Complaint, except that the ordinance in question is Babylon Municipal Code § 89-13.1, not 18-39.1.[1]

4. Denies the allegations in paragraph "5" of the Complaint.

5. As to the allegations in paragraph "6," responds that the same alleges legal conclusions not capable of being admitted, denied or otherwise controverted, but to the extent an answer is required, respectfully refers the Court to the referenced law, which speak for itself.

---

[1] For purposes of the Answer, Defendant will presume that references to "18-39.1" are intended to be "89-13.1."

6. As to the allegations in paragraph "7," "8," "9," "10," and "11" of the Complaint, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

7. Denies the allegations in paragraphs "12," "13," and "14" of the Complaint.

8. As to the allegations in paragraph "15," responds that the same alleges legal conclusions not capable of being admitted, denied or otherwise controverted, but to the extent an answer is required, respectfully refers the Court to the referenced law, which speak for itself.

9. Denies the allegations in paragraph "16" of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that Plaintiff has paid for membership in the Merit Apprenticeship Alliance.

## ANSWER TO COUNT I

10. As to the allegations in paragraph "17" of the Complaint, repeats and realleges the answers to the allegations contained therein.

11. Denies the allegations in paragraphs "18," "19," and "20" of the Complaint.

## ANSWER TO COUNT II

12. As to the allegations in paragraph "21" of the Complaint, repeats and realleges the answers to the allegations contained therein.

13. Denies the allegations in paragraphs "22," "23," and "24" of the Complaint.

## ANSWER TO COUNT III

14. As to the allegations in paragraph "25" of the Complaint, repeats and realleges the answers to the allegations contained therein.

15. Denies the allegations in paragraphs "26" and "27" of the Complaint.

**ANSWER TO COUNT IV**

16. As to the allegations in paragraph "28" of the Complaint, repeats and realleges the answers to the allegations contained therein.

17. Denies the allegations in paragraph "29" of the Complaint.

18. As to the allegations in paragraph "30," responds that the same alleges legal conclusions not capable of being admitted, denied or otherwise controverted, but to the extent an answer is required, respectfully refers the Court to the referenced law, which speaks for itself.

19. Denies the allegations in paragraphs "31," "32," and "33" of the Complaint.

**ANSWER TO COUNT V**

20. As to the allegations in paragraph "34" of the Complaint, repeats and realleges the answers to the allegations contained therein.

21. As to the allegations in paragraph "35," responds that the same alleges legal conclusions not capable of being admitted, denied or otherwise controverted, but to the extent an answer is required, respectfully refers the Court to the referenced law, which speaks for itself.

22. Denies the allegations in paragraphs "36," "37," "38," and "39" of the Complaint.

**ANSWER TO COUNT VI**

23. As to the allegations in paragraph "40" of the Complaint, repeats and realleges the answers to the allegations contained therein.

24. Denies the allegations in paragraphs "41" and "42" of the Complaint.

**ANSWER TO COUNT VII**

25. As to the allegations in paragraph "43" of the Complaint, repeats and realleges the answers to the allegations contained therein.

26. Denies the allegations in paragraphs "44," "45," "46," and "47" of the Complaint.

## **AFFIRMATIVE DEFENSES**

1. The Court lacks subject matter jurisdiction.

2. Plaintiff fails to state a claim upon which relief may be granted.

3. Plaintiff fails to join a required party.

4. Plaintiff lack standing under federal and state laws.

5. Plaintiff lack standing for an injunction.

6. Plaintiff lacks the capacity to assert one or more of the claims in the Complaint.

7. Plaintiff's claims fail because Defendant's ordinance is not preempted.

8. Plaintiff's claims fail because Defendant's ordinance complies with federal and state laws and regulations.

9. Plaintiff's claims fail because, at all times mentioned in the Complaint, Defendant was acting in conformity with, and pursuant to, federal law and the laws of the State of New York.

10. Plaintiff's claims fail because Defendant's ordinance complies with Municipal Home Rule Laws.

11. Plaintiff's claims fail because Defendant's ordinance does not violate any constitutional rights or otherwise give rise to a claim under Section 1983.

12. Plaintiff's claims fail because Defendant is entitled to absolute or qualified immunity.

13. Plaintiff's claims fail because Defendant did not knowingly or willfully violate any statute or regulation.

14. Plaintiff's claims fail because Defendant did not cause Plaintiff damages or injuries.

15. Plaintiff's claims are barred by Plaintiff's failure to mitigate, reduce, or otherwise avoid any alleged damages or injuries.

16. Plaintiff's claims are barred because any alleged damages suffered resulted from the

acts or omissions of other parties not under the control of Defendant.

17. Plaintiff is barred from recovery by reason that whatever damages were sustained by Plaintiff at the time and place alleged in the Complaint, were solely the result of Plaintiff's own acts, conduct, negligence and omissions and not the result of any acts on the part of Defendant.

18. Any damage, in whole or in part, was due to the negligence, carelessness, contributory or culpable conduct of Plaintiff and others, over which Defendant does not have control, and the amount of damages recoverable therefore must be diminished by the proportional shares of their culpable conduct causing said damages pursuant to CPLR 14-A.

19. Pursuant to CPLR 1603, Defendant asserts the limitations contained in CPLR 1601 and 1602 and all rights contained herein.

20. Plaintiff's claims fail because any award to Plaintiff in this action would constitute unjust enrichment.

21. The penalties claimed by Plaintiff are excessive and violate Defendant's rights under the state and federal Constitutions.

22. Plaintiff's claims are barred by estoppel and laches.

23. Plaintiff's claims are barred by the doctrine of unclean hands.

24. Plaintiff has failed to comply with the applicable statute of limitations.

25. Plaintiff's claims are barred because Plaintiff failed to exhaust its administrative remedies.

26. Plaintiff herein failed to comply with the notice requirement of New York General Municipal Law § 50-e and is thereby barred from maintaining this action against Defendant.

27. Plaintiff's request for injunctive relief fails because it has an adequate and complete remedy at law.

28. Plaintiff's request for injunctive relief fails because Plaintiff has failed to prove that it will be subjected to irreparable harm, absent the injunction.

29. Plaintiff's request for injunctive relief fails because Plaintiff has failed to prove that it will likely be successful on the merits.

30. Plaintiff's request for injunctive relief fails because Plaintiff has failed to prove that the balance of the equities favor it.

31. Plaintiff's claims fail as the Defendant is entitled to absolute immunity.

32. Plaintiff's claims fail as the Defendant is entitled to qualified immunity.

33. All possible affirmative defenses may not have been alleged herein, in so far as sufficient facts were not available after a reasonable inquiry upon the filing of this Answer in response to the Complaint; therefore, Defendant reserves the right to amend its Answer to allege additional affirmative defenses if subsequent investigations so warrant.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1. That judgment be entered against Plaintiff and in favor of Defendant;

2. That Plaintiff take nothing by way of the Complaint and that the same be dismissed with prejudice;

3. That Defendant be awarded reasonable attorneys' fees and costs of suit; and

4. For any further relief as the Court deems to be just and proper.

Dated: October 25, 2018
       Uniondale, New York

**HARRIS BEACH PLLC**

By: <u>/s/ Keith M. Corbett</u>
    Keith M. Corbett

    Daniel E. Guzmán (Barcode: DG9168)
    *Attorneys for Defendant*
    *Town of Babylon*
    The Omni
    333 Earle Ovington Blvd, Suite 901
    Uniondale, New York 11553
    Tel: (516)880-8492
    Fax: (516) 880-8483


TO:    STOKES WAGNER, ALC
         Paul Wagner
         Hayden Pace
         Anne-Marie Mizel
         903 Hanshaw Road
         Ithaca, NY 14850